UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANE M. MOON,

        Plaintiff,

                                            File No.  1:02-CV-683

v.

                                            HON. ROBERT HOLMES BELL

UNUM PROVIDENT CORPORATION,

        Defendant.
                                     /

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's motion for attorney fees pursuant to 29 U.S.C. § 1132(g)(1), Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiff prevailed on appeal in this ERISA action for long-term disability benefits under an employer-sponsored benefit plan.  The Sixth Circuit, reversing the judgment of this Court, held that Defendant's decision upholding the termination of Plaintiff's long-term disability benefits was arbitrary and capricious. *Moon v. UNUM Provident Corp.*, 405 F.3d 373, 382 (6th Cir. 2005).  Thereafter, pursuant to the Sixth Circuit's mandate, the Court entered judgment in favor of Plaintiff. *Moon v. UNUM Provident Corp.*, 1:02-CV-683, Docket #33 (W.D. Mich. March 31, 2005).  Plaintiff now seeks attorney's fees under 29 U.S.C. § 1132(g)(1).  For the following reasons, the motion is denied.

I.

Under Section 1132(g)(1) the Court is granted broad discretion in determining whether to award a reasonable attorney's fee: "In any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1); *Shelby County Health Care Corp. v. Southern Council of Indus. Workers Health and Welfare Trust Fund*, 203 F.3d 926, 936 (6th Cir. 2000). In exercising its discretion, district courts generally look to the following factors in considering the appropriateness of an award of attorney's fees: 1) the degree of the opposing party's culpability or bad faith; 2) the opposing party's ability to satisfy an award of attorney's fees; 3) the deterrent effect of an award on other persons under similar circumstances; 4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and 5) the relative merits of the parties' positions. *First Trust Corp. v. Bryant*, ____ F.3d ____, 2005 WL 1384343 (6th Cir. 2005); *Secretary of Dept. of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985).

No single factor is determinative and the Court must consider each factor before exercising its discretion. *Schwartz v. Gregori*, 160 F.3d 1116, 1119 (6th Cir. 1998); *Wells v. United States Steel*, 76 F.3d 731, 736 (6th Cir. 1996). "There is no presumption that attorney's fees will be awarded." *Maurer v. Joy Tech., Inc.*, 212 F.3d 907, 919 (6th Cir. 2000); *Foltice v. Guardsman Prods., Inc.*, 98 F.3d 933, 936 (6th Cir. 1996). Where no single

factor or combination of factors "weighs heavily" in favor of awarding attorney fees, a denial of fees is not an abuse of discretion. *Schwartz*, 160 F.3d at 1121.

In this case, Plaintiff contends that three of the five factors favor an award of attorney fees. Plaintiff argues that Defendants were culpable and acted in bad faith, Defendants are able to satisfy an award of attorney's fees, and the merits of the parties' respective positions favored Plaintiff. The Court's review of the five factors leads to the conclusion that Plaintiff is not entitled to an award of attorney's fees.

1. *Degree of Opposing Party's Culpability or Bad Faith*

Plaintiff contends Defendant acted in a culpable manner and in bad faith because they ignored evidence of Plaintiff's disability and denied her claim based on a theory that lacked foundation. Generally, when evaluating this factor, courts require something more than merely an adverse decision. *See e.g.*, *Fritcher v. Health Care Services Corp.*, 301 F.3d 811, 819 (7th Cir. 2002) (upholding award of attorney fees where evidence of culpability went beyond simply an erroneous decision); *Heffernan v. UNUM Life Ins. Co. of America*, No. 02-3412, 2004 WL 1327868, *10 (6th Cir. June 11, 2004) ("An arbitrary and capricious denial of benefits does not necessarily indicate culpability or bad faith."); *Crosby v. Bowater Inc. Retirement Plan*, 262 F. Supp.2d 804, 812-13 (W.D. Mich. 2003) (Enslen, J.) (holding that Defendant acted with sufficient degree of culpability where its position was unreasonable and could "be defended only by a sophist's resort to linguistic slight of hand.").

In this case, there is little, if any, evidence of bad faith or culpability on the part of Defendant. Plaintiff's general allegation notwithstanding, there is no evidence of ill motive, culpable conduct, or bad faith. Rather, Defendant pursued their position in good faith and did not engage in any misconduct during the investigation or proceedings before this Court or on appeal. *Cf. First Trust Corp.*, 2005 WL 1384343, *8 (holding that party acted in bad faith where action was filed in the wrong venue, a necessary claimant was not promptly joined, and party engaged in disputes with other claimants that "further entangled" the litigation); *Schwartz*, 160 F.3d at 1120 (holding that pursuit of a certain issue on appeal was not in bad faith where intervening Supreme Court decision required Sixth Circuit to newly address the issue). Moreover, it is difficult to conclude that Defendant acted in a culpable manner in this close case, where two of the four judges who reviewed this case concluded that Defendant provided a reasoned explanation for the denial of benefits that was not arbitrary and capricious. *See Moon v. UNUM Provident Corp.*, 1:02-CV-683, Docket #23, April 17, 2003 Opinion (W.D. Mich.); *Moon*, 405 F.3d at 382 (Siler, J., dissenting).

2. *Opposing Party's Ability to Satisfy an Award of Attorney Fees*

Obviously, this factor favors Plaintiff because Defendant, a large insurance company, is certainly able to satisfy the requested attorney fee.

3. *Deterrent Effect of an Award & Conferring a Common Benefit on all ERISA Plan Beneficiaries*

Plaintiff does not attempt to argue that the third and fourth factor favor an award of attorney fees. Plaintiff sought long-term disability benefits for herself, she did not seek to confer a benefit upon all plan participants. Further, there is little deterrent effect to be gained because this case presented a close and unique set of facts. Moreover, this factor is less significant because Defendant did not act in bad faith. *See Maurer*, 212 F.3d at 919; *Foltice*, 212 F.3d at 919 ("deterrent effect . . . is likely to have more significance in a case where the defendant is highly culpable . . . .").

4. *Relative Merits of the Parties' Position*

Plaintiff asserts, without more, that this factor favors an award of attorney's fees. The Court does not agree. Although the Sixth Circuit determined that Defendant's decision was arbitrary and capricious, it cannot be said that Defendant's position was unreasonable or lacking in merit. Nor can it be said that Plaintiff's position significantly outweighed that of Defendant. *See also Krupp v. Metro. Life Ins. Co.*, 174 F. Supp.2d 545, 549 (E.D. Mich. 2001). This was an extremely close case, evidenced by the fact that this Court initially determined that Defendant's denial of benefits was not arbitrary and capricious and that the reversal of this judgment was issued over a dissent by Judge Siler, who also concluded that Defendant's decision was not arbitrary and capricious. *Moon*, 405 F.3d at 382 (Siler, J., dissenting). Given the procedural history of this case, it is difficult to conclude that this factor militates in favor of Plaintiff's position.

5

After considering the above five factors, the Court concludes that Plaintiff is not entitled to an award of attorney fees. While Defendant is able to pay a fee award, the other factors do not "weigh heavily" in Plaintiff's favor. *Schwartz*, 160 F.3d at 1121. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Diane Moon's motion for attorney fees (Docket #39) is **DENIED**.


Date:     July 1, 2005              /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE